

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2004

# NJ Sch Bd Assn Ins v. Druz

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

### Recommended Citation

"NJ Sch Bd Assn Ins v. Druz" (2004). *2004 Decisions.* Paper 205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  03-4304

NEW JERSEY SCHOOL BOARDS
ASSOCIATION INSURANCE GROUP,

v.

DEAN WITTER REYNOLDS INC.;
DANIEL A. DRUZ

Daniel A. Druz, Appellant

On Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 88-5584)
District Judge: Hon. John W. Bissell

Argued: September 22, 2004

Before: McKEE, Circuit Judges,
ROSENN and WEIS, Senior Circuit Judges.

(Opinion filed:  October 20, 2004)

DAN A. DRUZ, ESQ. (Argued)
Suite 1000
291 East Main Street
Manasquan, NJ 08060

EDWARD S. NATHAN (Argued)
Stern & Kilcullen
75 Livingston Avenue
Roseland, NJ 07068
Attorney for Dean Witter Reynolds

OPINION

McKEE, <u>Circuit Judge</u>.

Appellant Dan A. Druz, argues that the District Court abused its discretion in denying his motion to lift a stay of arbitration that had been imposed in 1995. For the reasons that follow, we agree and we will vacate the judgment of the District Court and remand with instruction to lift the 1995 stay and refer the matter to arbitration before the NYSE.

Because the facts and procedural history are not in dispute and known to the parties, we need not reiterate them except insofar as maybe helpful to our brief discussion.

Judge Barry explained the reason for imposing the 1995 stay as follows:

> it being the opinion of the court that given Druz's representation that what he is seeking to arbitrate before the NYSE is a separate and independent action for malicious prosecution "concerning [the New Jersey] indictment" (and wholly apart from whether the parties have agreed to arbitrate such a dispute, an issue as to which this court has grave doubts), his claim is, at best, premature in that forum and in this or any other forum, it being undisputed that, among other requisites, termination of the criminal prosecution favorable to Druz is required for a malicious prosecution action to accrue; and
> it being the opinion of the court that, although the State of New Jersey has not – or has not yet – intervened in this matter, proceeding with arbitration on the malicious prosecution claim would unduly interfere with an ongoing state criminal proceeding.

*Id*.

It is therefore clear that Judge Barry originally imposed the 1995 stay in

2

order to ensure that the NYSE arbitration did not proceed until after the conclusion of the criminal proceedings and related ethical investigation that had been initiated against Druz.  However, those proceedings have now concluded in Druz's favor. Based on the record before us it appears that Druz is not now the subject of any pending criminal or ethical investigation.

Since the 1995 stay was imposed in order to avoid any conflict with the then pending criminal and ethical investigations, the stay no longer serves its original purpose.  Accordingly, we conclude that the District Court erred in denying Druz's motion to lift the 1995 stay of arbitration before the NYSE.[1]

Therefore, we will vacate the judgment of the District Court and remand so that the court may lift the 1995-court-imposed stay and refer the matter to arbitration.[2]

_____

[1]The parties have focused our attention on whether the District Court's ruling was contrary to *Howsam v. Dean Witter*, 537 U.S. 70 (2002).  However, since the NYSE arbitration will proceed, issues such as laches, estoppel and delay can now best be addressed within the arbitration process.

[2]*See United States v. Swift & Co.,* 286 U.S. 106 (1932) and *Republic of Philippines v. Westinghouse Electric Co.,* 43F3d65, (3d Cir., 1994).