NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2587
_____

DAN A. DRUZ,

Appellant

v.

VALERIE NOTO;
NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY;
JOHN DOE 1-5;  JANE DOE 1-5
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-05040)
District Judge: Hon. Freda L. Wolfson
_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed March 2, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

        Appellant Dan Druz, an attorney admitted to the bar and proceeding pro se,

appeals from the District Court's dismissal of his Complaint for failure to state a claim.

We write primarily for the parties and accordingly our role is limited to error-correcting, with the understanding that the parties are familiar with the facts and proceedings on the trial level. For the reasons that follow, we will affirm the District Court.[1]

The District Court dismissed Druz's Complaint on multiple grounds. It held that Defendants New Jersey Department of Law and Public Safety ("NJDLPS") and Deputy Attorney General Valerie Noto ("DAG Noto") in her official capacity (the "State Defendants") were entitled to Eleventh Amendment sovereign immunity. The Court held that DAG Noto was entitled to grievant and witness immunity in both her official and personal capacity. In the alternative, the Court determined that Druz's § 1983 claims (1) did not reach the State Defendants, because they were not "persons" within the meaning of § 1983, (2) did not allege a violation of a constitutional provision, (3) failed to allege a special grievance, and (4) were barred by the statute of limitations. The Court additionally held that Druz's state law claims failed to comply with the notice provisions of the New Jersey Tort Claims Act. See N.J. Stat. Ann. § 59:1-1, et seq. (West 2010). Druz contests all aspects of the Court's ruling.

We will affirm the District Court on the bases of sovereign immunity and grievant/witness immunity, although we note that the Court's analysis of the other grounds is sound.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of a motion to dismiss. E.g., Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010). We exercise plenary review over a defendant's entitlement to Eleventh Amendment immunity. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).

2

"Eleventh Amendment immunity" is "convenient shorthand" for state sovereign immunity, Alden v. Maine, 527 U.S. 706, 713 (1999), which, for the purposes of this case, renders "an unconsenting State . . . immune from liability for damages in a suit brought in federal court by one of its own citizens." Dellmuth v. Muth, 491 U.S. 223, 229 n.2 (1989) (citing the "longstanding holding" of Hans v. Louisiana, 134 U.S. 1 (1890)). State sovereign immunity extends to subsidiary units and individual state employees sued in their official capacity. See Betts, 621 F.3d at 254. A state's immunity is not absolute, however, as it may be waived by state consent to suit. See M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark, 344 F.3d 335, 345 (3d Cir. 2003). "The waiver by the state must be voluntary and our test for determining voluntariness is a stringent one." MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).

Druz contends that the State Defendants waived any immunity by consenting to suit when the New Jersey School Boards Association Insurance Group ("NJSBIG") sued Druz in 1988 for allegedly mishandling a securities account while working as a financial consultant. According to Druz, the original suit by NJSBIG, the subsequent criminal investigation, the ethical investigation by the New Jersey Office of Attorney Ethics ("NJOAE"), the arbitration proceedings, and Druz's current suit—for malicious prosecution, conspiracy, and "wrongful infliction of emotional distress"—are all one "continuous" proceeding.

We agree with the District Court that "[t]he instant case is clearly a separate proceeding" and the issues presented here "are completely unrelated to the issues litigated" in 1988. App. 13. The 1988 litigation concerned the alleged mishandling of a

3

securities account, whereas this case revolves around whether DAG Noto acted with legal malice by informing the NJOAE of the criminal indictment. Indeed, the District Court cited Druz's own previous representation that the malicious prosecution "is a separate and independent action" from the state litigation. N.J. Sch. Bds. Ass'n Ins. Grp. v. Dean Witter Reynolds, Inc., 111 F. App'x 141, 142 (3d Cir. 2004). Although the NJSBIG waived its immunity in the 1988 litigation, the current proceeding is a separate action involving a different agency. The State Defendants did not consent to this suit and we hold that they entertain sovereign immunity.

Regarding DAG Noto in her personal capacity, the District Court determined that Druz's claims against her were barred by grievant/witness immunity because the claims were "based upon Defendants' causing the ethics proceeding." App. 16 (quoting Pl. Br. 9) (emphasis in original brief). New Jersey provides absolute immunity for "all communications" by "[g]rievants . . . and witnesses and potential witnesses" in ethics matters made to the New Jersey Office of Attorney Ethics. N.J. Court R. 1:20-7(f).

According to Druz, DAG Noto caused the ethics proceeding not by communicating his indictment to the NJOAE, but by fraudulently obtaining the indictment in the first place. Even accepting as true all allegations in Druz's Complaint and drawing all reasonable inferences in his favor, e.g., W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 91 (3d Cir. 2010), Druz's claims relate to the ethics

4

proceeding, not the underlying indictment.[2] Because he seeks to hold DAG Noto liable on theories of tort and civil rights for the ethics proceeding, the District Court did not err in determining that DAG Noto had absolute immunity for her communications to the NJOAE.

We hold that the State Defendants had Eleventh Amendment immunity and DAG Noto had absolute witness immunity. The District Court committed no error in granting the Defendants' Motion to Dismiss.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.

---

[2] Indeed, any claim related to the underlying indictment secured in 1992 is long barred by the statute of limitations. See N.J. Stat. Ann. § 2A:47A-2 (West 2010) (two-year limitation on malicious prosecution).

5